*E-Filed 10/18/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR NESTER RAMIREZ, | No. C 11-3105 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL**; |
| v. | **INSTRUCTIONS TO CLERK** |
| GREG LEWIS, Warden, | |
| Respondent. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he alleges that the Board of Parole Hearings violated his right to due process when it denied him parole in July 2008. Petitioner specifically claims that the Board's decision fails to comport with due process because (1) it was not supported by "some evidence" of current dangerousness, a requirement under California law, (2) the parole panel was not impartial and considered evidence from a confidential informant, and (3) the panel mistakenly determined that he was a member of a gang.

The petition fails to state a claim upon which federal habeas relief can be granted. In the parole context, a prisoner received constitutionally adequate process when "he was

allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Cooke*, 131 S.Ct. at 862. Indeed, "it is no federal concern [ ] whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. In the instant matter, the record shows that petitioner received at least the required amount of process. Accordingly, the petition is DISMISSED.

Petitioner's motion to proceed *in forma pauperis* (Docket No. 7) is DENIED as moot, petitioner having paid the filing fee. Petitioner's motion for the appointment of counsel (Docket No. 6) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

The proper respondent in this action is Greg Lewis, the current Warden at Pelican Bay State Prison, where petitioner is incarcerated, rather than the originally-named respondent, Booker Welch, a member of petitioner's parole board. *See* Fed. R. Civ. P. 25(d). Failure to name the proper custodian, which here is Warden Lewis, the sole person who can produce "the body" of the petitioner at this time, deprives federal courts of personal jurisdiction. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996). Accordingly, the Clerk shall

1 substitute Greg Lewis as the respondent in this action.

2 A certificate of appealability will not issue. Reasonable jurists would not "find the
3 district court's assessment of the constitutional claims debatable or wrong." *Slack v.*
4 *McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from
5 the Court of Appeals. The Clerk shall terminate Docket Nos. 6 & 7, enter judgment in favor
6 of respondent, and close the file.

7 **IT IS SO ORDERED**.

8 DATED: October 18, 2011

_____
RICHARD SEEBORG
United States District Judge