*E-Filed 10/28/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTHUR NESTER RAMIREZ,<br><br>    Petitioner,<br><br>  v.<br><br>GREG LEWIS, Warden,<br><br>    Respondent. | No. C 11-3105 RS (PR)<br><br>**ORDER REOPENING ACTION**;<br><br>**ORDER VACATING PRIOR ORDERS;**<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition was dismissed without leave to amend. The action is hereby REOPENED. The order of dismissal (Docket No. 8), and the judgment (Docket No. 9), are hereby VACATED. The Clerk is directed to reopen the action. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

//
//
//

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner alleges that the Board of Parole Hearings violated his right to due process when it denied him parole in July 2008. Petitioner specifically claims that the Board's decision fails to comport with due process because (1) it was not supported by "some evidence" of current dangerousness, a requirement under California law, (2) the parole panel was not impartial and considered evidence from a confidential informant, and (3) the panel mistakenly determined that he was a member of a gang.

Claims 2 & 3, when liberally construed, appear to be cognizable on federal habeas review. Claim 1 is DISMISSED without leave to amend as it does not state a claim for relief. In the parole context, a prisoner has received constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). "The Constitution does not require more." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Cooke*, 131 S.Ct. at 862. Indeed, "it is no federal concern [ ] whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id*. at 863. In the instant matter, the record shows that petitioner was allowed an opportunity to be

heard, and was provided with a statement of reasons that parole was denied. His claim that the parole decision was not supported by some evidence is of no federal concern.

Petitioner's motion to proceed *in forma pauperis* (Docket No. 7) is DENIED as moot, petitioner having paid the filing fee. Petitioner's motion for the appointment of counsel (Docket No. 6) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

The proper respondent in this action is Greg Lewis, the current Warden at Pelican Bay State Prison, where petitioner is incarcerated, rather than the originally-named respondent, Booker Welch, a member of petitioner's parole board. *See* Fed. R. Civ. P. 25(d). Failure to name the proper custodian, which here is Warden Lewis, the sole person who can produce "the body" of the petitioner at this time, deprives federal courts of personal jurisdiction. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996). Accordingly, the Clerk shall substitute Greg Lewis as the respondent in this action.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

1 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
2 be granted based on petitioner's cognizable claims. Respondent shall file with the answer
3 and serve on petitioner a copy of all portions of the state trial record that previously have
4 been transcribed and that are relevant to a determination of the issues presented by the
5 petition.

6     3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
7 with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the
8 answer is filed.

9     4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
10 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
11 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files
12 such a motion, petitioner shall file with the Court and serve on respondent an opposition or
13 statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
14 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
15 the date any opposition is filed.

16     5. Petitioner is reminded that all communications with the Court must be served on
17 respondent by mailing a true copy of the document to respondent's counsel.

18     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
19 Court and respondent informed of any change of address and must comply with the Court's
20 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
21 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

22     7. Upon a showing of good cause, requests for a reasonable extension of time will be
23 granted provided they are filed on or before the deadline they seek to extend.

24     **IT IS SO ORDERED**.
25 DATED: October 28, 2011

    */s/ Richard Seeborg*
26     RICHARD SEEBORG
    United States District Judge

*United States District Court*
*For the Northern District of California*