UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR N. RAMIREZ,

    Petitioner,

    v.

GREG LEWIS,

    Respondent.

Case No. 11-cv-03105-WHO (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

# INTRODUCTION

Petitioner Arthur Ramirez has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he alleges that the Board of Parole Hearings violated his right to due process when it denied him parole in July 2008. Ramirez claims that (1) the Board's decision was not supported by "some evidence" of current dangerousness, a requirement under California law, (2) the parole panel was not impartial, and (3) the panel mistakenly determined that he was a member of a gang and relied on information contained in a confidential file. None of these claims warrant habeas relief. Accordingly, the petition is DENIED.

# BACKGROUND

Ramirez is a California state prisoner serving a sentence of 28 years-to-life for a conviction of first degree murder. (Ans. at 1.) In 2008, the Board of Parole hearings found Ramirez unsuitable for parole. (*Id.* at 2.) Ramirez's efforts to overturn this decision in the state courts were unsuccessful. (*Id.* at 2–3.) This federal habeas petition followed.

# STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

**DISCUSSION**

**I.   Some Evidence**

Habeas relief is not warranted on Ramirez's claim that the parole decision violated due process because it was not supported by "some evidence" of current dangerousness, a requirement under California law. In the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" parole was denied. *Swarthout v. Cooke,* 131 S.

1  Ct. 859, 862 (2011). "The Constitution does not require more." *Id.*, quoting *Greenholtz v.*
2  *Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The
3  Constitution does not even require an inquiry into whether California's procedures
4  produced the result the evidence required. *Id.* Indeed, "it is no federal concern [ ] whether
5  California's 'some evidence' rule of judicial review (a procedure beyond what the
6  Constitution demands) was correctly applied." *Id.* at 863.

The record shows that Ramirez received at least the required amount of process. He had a parole hearing at which he had an opportunity to be heard, and he was provided with a statement of reasons parole was denied. His allegation that the parole decision did not comply with the "some evidence" requirement does not state a claim for federal habeas relief. The state court's decision was reasonable and is entitled to AEDPA deference. Accordingly, this claim is DENIED.

## II.     Impartiality

Ramirez alleges that the parole decision violated due process because one of the Board members (Welch) was biased against him since Ramirez filed a complaint against Welch in 2003. (Pet. at 6.) Ramirez asserts that he did not object to Welch's being on the panel, as was his right under California's regulations, because he did not physically recognize him as the man he had filed a grievance against and because five years had passed since he had filed the grievance. (*Id.* at 6-F.)

A "biased decisionmaker [is] constitutionally unacceptable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Federal habeas relief, however, is limited to those instances where there is proof of actual bias, or of a possible temptation so severe that one might presume an actual, substantial incentive to be biased. *See Del Vecchio v. Illinois Dep't of Corrections*, 31 F.3d 1363, 1380 (7th Cir. 1994) (en banc). In *Del Vecchio*, a criminal defendant objected on grounds of bias to the trial judge because the judge, years before, had been the prosecutor in a trial against the same defendant. Of particular significance to the defendant was that the trial judge ruled on the admissibility of evidence concerning that prior trial. The appellate court, sitting in federal habeas review, rejected the claim of bias.

1  The trial judge "exhibited no actual bias in conducting the trial," and there was no
2  evidence (speculation was insufficient) of a possible temptation so severe that an actual,
3  substantial incentive to be biased could be presumed. *See id.* at 1379–80.

4  Habeas relief is not warranted on this claim either. First, Ramirez's assertion that
5  he did not recognize Welch is undercut because he was informed of Welch's first and last
6  names at the beginning of the hearing, and Welch was identified *by name* numerous times
7  throughout. (Ans., Ex. 2 at 3, 4, 8, 15, 18, and 54.) Second, if Ramirez had forgotten
8  Welch's name and failed to recognize him, it is equally (if not more) plausible that Welch
9  had forgotten Ramirez. On this record, this Court cannot say that the state court's rejection
10 of this claim was unreasonable.

11 Furthermore, Ramirez has not shown that he was denied an impartial
12 decisionmaker. There is nothing in the record to show actual bias or an actual, substantial
13 incentive to be biased. Ramirez infers that Welch was biased because of the prior
14 complaint and because of the disrespectful tone Welch tone exhibited during the hearing.
15 (Pet. at 6F.) This is insufficient. It is unknown how Ramirez's 2003 grievance fared or
16 whether Welch was actually influenced by the filing of the grievance. If federal habeas
17 relief was unavailable under the rather extraordinary circumstances described above in *Del*
18 *Vecchio*, it is not available here. The state court's rejection of this claim was reasonable.
19 The claim is DENIED.

20 **III.    Gang Evidence**

21 Ramirez claims that the parole decision violated due process because the Board
22 mistakenly believed he was a member of a gang, in part because of information that was
23 contained in a confidential file.

24 Habeas relief is not warranted on this claim. This Court cannot evaluate the
25 evidence used to deny parole; it can look only at whether the minimal requirements of due
26 process have been met. *Cooke*, 131 S. Ct. at 862. Ramirez alleges that the Board violated
27 California Code of Regulations title 15, section 2247 by reviewing his confidential file, but
28 even if that is true, federal habeas relief does not lie for errors of state law, even if state

4

law were erroneously applied or interpreted. *See Cooke*, 131 S. Ct. at 861-62. The record shows that Ramirez received at least the required amount of process that he was due from the Board. The state court's decision was reasonable and is entitled to AEDPA deference. This claim is DENIED.

## CONCLUSION

The state court's adjudication of Ramirez's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** August 26, 2014



WILLIAM H. ORRICK
United States District Judge